FILED

MAY 0 1 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
          v.                      )     Criminal No. 25- 121
                                  )
SHAWN MONPER                      )

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said district, and submits this Indictment Memorandum to the Court:

## I.  THE INDICTMENT

A federal grand jury returned an eight-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 – 4 | Interstate Threats | 18 U.S.C. § 875(c) |
|  | On or about February 17, 2025 (Count One)<br>On or about March 4, 2025 (Count Two)<br>On or about March 18, 2025 (Count Three)<br>On or about April 1, 2025 (Count Four) | |
| 5 – 8 | Influencing, Impeding, or Retaliating Against a Federal Official or Federal Law Enforcement Officer by Threat | 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4) |
|  | On or about February 17, 2025 (Count Five)<br>On or about March 4, 2025 (Count Six)<br>On or about March 18, 2025 (Count Seven)<br>On or about April 1, 2025 (Count Eight) | |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Counts One through Four:

In order for the crime of Interstate Threats, in violation of Title 18, United States Code, Section 875(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening to injure the person of another.

2.    That the message contained a true threat to injure the person of another; that is, the defendant transmitted a communication that a reasonable person would view as a threat; and,

3.    That the threat was communicated in interstate commerce.

18 U.S.C. § 875(c).

### B.  As to Counts Five through Nine:

In order for the crime of Influencing, Impeding, or Retaliating Against a Federal Official or Federal Law Enforcement Officer by Threat, in violation of Title 18, United States Code, Sections 115(a)(1)(B) and 115(b)(4), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant threatened to assault or murder United States official or federal law enforcement officer;

a.    with the intent to impede, intimidate, or interfere with such United States official or agent while engaged in the performance of official duties, or

b.      with intent to retaliate against such United States official or agent on account of the performance of official duties.

18 U.S.C. § 115(a)(1)(B).

### III.  PENALTIES

**A.   As to Counts One through Four: Interstate Threats (18 U.S.C. § 875(c)):**

1.      A term of imprisonment of not more than five (5) years.

2.      A fine of not more than $250,000.00.

3.      A term of supervised release of not more than three (3) years.

**B.   As to Counts Five through Nine: Influencing, Impeding, or Retaliating Against a Federal Official or Federal Law Enforcement Officer by Threat (18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4)):**

1.      Imprisonment for not more than ten (10) years for a threat to murder; imprisonment for not more than six (6) years for a threat to assault.

2.      A fine not to exceed $250,000.

3.      A term of supervised release of not more than three (3) years.

### IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  <u>RESTITUTION</u>

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.  <u>FORFEITURE</u>

Forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*s/ Brendan J. McKenna*
BRENDAN J. McKENNA
Assistant U.S. Attorney
PA ID No. 314315

4